Opinion issued August 28, 2018



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-17-00371-CV

———————————————

## GREGORIO MALDONADO, Appellant

## V.

## ANGELA BEARDEN, Appellee

On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Case No. 16-FD-3249

## MEMORANDUM OPINION

Appellant, Gregorio Maldonado, challenges the trial court's issuance of a protective order prohibiting him from, among other things, committing family violence against, communicating with, threatening, or going within two hundred feet of appellee, Angela Bearden. In two issues, Maldonado contends that the

evidence is legally insufficient to support the trial court's issuance of the protective order and the trial court erred in admitting into evidence police reports containing narratives of Bearden's accusations against him.

We vacate the protective order.

## Background

On November 7, 2016, Bearden filed an application for a protective order against Maldonado, alleging that he had "engaged in conduct that constitutes family violence" and "committed acts that were intended . . . to result in physical harm, bodily injury, assault, or sexual assault, or were threats that reasonably placed [Bearden] in fear of" the same. She argued that she was entitled to a protective order because Maldonado had "violated a previously rendered protective order by committing an act prohibited by that order" while it was in effect and before it had expired. Specifically, she alleged that the prior protective order was "violated . . . in the following manner":

> During the two year duration of this Protective Order, [Maldonado] has been arrested and charged four (4) times for violations of the Agreed Protective [O]rder. See cause No. MD-0347785, 14CR2576, 14CR3314 and 15CR1092. [Maldonado] pled guilty to . . . ATTEMPTED VIOLATION OF A PROTECTIVE ORDER . . . AS REDUCED FROM VIOLATION/BOND PROTECTIVE ORDER 2+ TIMES WITHIN 12 MONTHS.

She also alleged that she has not obtained any other order protecting her due to Maldonado's "violations" of the prior protective order.

2

Bearden attached to her application the parties' Agreed Final Decree of Divorce and her affidavit. In her affidavit, Bearden testified that she was requesting the new protective order against Maldonado as a result of his "physical and verbal abuse" against her. She detailed his violations of the prior protective order, stating that he had attempted to communicate with her by phone, made airline reservations in her name, and messaged her through a dating website. And she noted that Maldonado has continued to contact and threaten her since the prior protective order expired, including by showing up to her apartment complex and placing an advertisement for "sex acts that included a picture of [Bearden's] face and other pictures of naked bodies" on the website Craig's List.

Bearden also attached to her application the prior protective order agreed to by the parties on May 21, 2014, and in which Maldonado specifically disclaimed admission to any "civil or criminal liability." Indicating their agreement, the parties initialed an alteration crossing out language of a proposed finding that "family violence has occurred and that family violence is likely to occur in the future." However, the trial court found "good cause" to prohibit Maldonado "from communicating with [Bearden] or any member of [her] family or household, except through [his] attorney." And it concluded that the protective order was "for the safety and welfare and in the best interest of [Bearden] and other members of the family or household and [is] necessary for the prevention of family violence."

3

In the prior protective order, which expired on May 21, 2016, the trial court also decreed that Maldonado was:

1. Prohibited from committing family violence as defined in section 71.004 of the Texas Family Code.

2. Prohibited from communicating directly with [Bearden] or any member of [her] family or household in a threatening or harassing manner.

3. Prohibited from communicating a threat through any person to [Bearden] or any member of [her] family or household.

4. On a finding of good cause, prohibited from communicating in any manner with [Bearden] or any member of [her] family or household except through [his] attorney.

5. Prohibited from engaging in conduct directed specifically toward [Bearden] or any member of [her] family or household that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass [Bearden] or any member of [her] family or household, including following [Bearden] or any member of [her] family or household.

6. Prohibited from going to, near, or within (200) two hundred yards of any location where [Bearden] or any member of [her] family or household is known by [him] to be and from remaining within (200) two hundred yards of said location after [he] becomes aware of said person's presence.

7. Prohibited from going to, near, or within (200) two hundred yards of the residences of [Bearden] or any member of [her] family or household. Specifically, [he] is prohibited from going to, near, or within (200) two hundred yards of . . . [Bearden's residence], and specifically must maintain a distance of at least (200) two hundred yards therefrom.

8. Prohibited from going to, near, or within (200) two hundred yards of the place of employment or business of [Bearden] or any member of [her] family or household. Specifically, [he] is

4

prohibited from going to, near, or within (200) two hundred yards of the place of employment or business of [Bearden] or any member of [her] family or household, and specifically must maintain a distance of at least (200) two hundred yards therefrom.

9. Prohibited from possessing a firearm or ammunition unless [he] is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

10. Prohibited from removing a pet, animal companion, or assistance animal, as defined by Section 121.002 of the Human Resources Code from the possession of [Bearden] or any member of [her] family or household.

Additionally, the prior protective order suspended Maldonado's license to carry a concealed handgun and required him to "complete a battering intervention and prevention program."

An associate judge of the trial court granted Bearden's application for the new protective order on November 22, 2016. After Maldonado filed a request for a trial de novo before the presiding judge, the trial court held a trial de novo on April 12, 2017.

During the trial de novo, Bearden testified that she and Maldonado had only lived together as a married couple for approximately one month, but they had been together for much longer and he had been violent with her throughout the course of their relationship. According to Bearden, Maldonado had violated the prior protective order "[a] lot." He called her repeatedly in June 2014. And in July

5

2014, he made airline reservations for a trip for the two of them on "what would have been" their anniversary, and he sent her e-mail messages about the trip. Maldonado also telephoned Bearden repeatedly in October 2014. And in April 2015, he, through a dating website, sent her messages identifying himself and making "threats and rants" that were "very frightening." Specifically, Maldonado threatened to telephone his best friend's brother, who is a "shot caller," i.e., "the person . . . in a gang that decides who is going to get . . . killed."

Bearden further testified that she reported the above incidents separately to the Friendswood Police Department ("FPD"), resulting in Maldonado's arrest, criminal charges, and an indictment, which were consolidated into Cause Number 14-CR-2576. And the trial court admitted into evidence the police reports that Bearden had filed with the FPD over Maldonado's objections that they were not relevant and "contained . . . hearsay." In overruling his objections, the trial court noted that Bearden had already testified to the matters contained in the police reports.

Bearden explained that since the prior protective order expired, she changed her phone number and moved. However, Maldonado has continued to harass and contact her. For example, Maldonado posted on the website Craig's List lewd photographs of Bearden along with her phone number in an advertisement for "sex

6

acts."[1]  Although he did not identify himself on the website by name, Bearden "knew" he had listed the posting because at the end of the advertisement he wrote "Coogs won," referring to a recent University of Houston football game that Bearden had attended with her son and friends and from which they had left early.

Maldonado testified that he pleaded guilty to the charge of "[a]ttempted violation of a protective order" and is "fully compliant" with his order for community supervision.  He noted that he agreed to the prior protective order on the advice of counsel, not because he was a danger or threat to Bearden. Regardless, he explained that he had never violated the prior protective order. However, he did acknowledge that the police reports filed by Bearden with the FPD resulted in his arrest and an indictment for violating the prior protective order.

After hearing the evidence and arguments of the parties, the trial court granted Bearden's application and entered a new protective order, dated April 21, 2017, that is nearly identical to the prior protective order.  Upon Maldonado's request, the trial court entered the following findings of fact and conclusions of law:

---

[1]  Although she did not mention a date for this incident during her testimony, Bearden, in her affidavit attached to the application for the new protective order, testified that this incident occurred "[o]n or about September 16, 2016."  Her affidavit also referenced incidents that occurred in July 2016 and November 2016 in which Maldonado contacted her, causing her to feel threatened.

I.<br/>
Findings of Fact

A.    On **May 21ˢᵗ, 2014**, in Cause No. 14-FD-1110, Applicant Angela Bearden's Protective Order was entered against Respondent, Gregorio Maldonado.

B.    Respondent, Gregorio Maldonado, was arrested and charged on **August 7, 2014** with violating a Protective Order in Case Number **MD-0347785**.

C.    Respondent, Gregorio Maldonado, was arrested and Indicted on **August 19, 2014** with Violating a Protective Order 2+ Times within 12 months, in Case Number **14-CR-2576**.

D.    Respondent, Gregorio Maldonado, was arrested and charged on **November 5, 2014** with Violating a Protective Order 2+ Times within 12 months, in Case Number **14-CR-3314**.

E.    Said Charge was included in Case Number **14-CR-2576**.

F.    Respondent, Gregorio Maldonado, was arrested and charged on **April 30, 2015** with Violating a Protective Order 2+ Times within 12 months, in case number **15-CR-1092**.

G.    Said charge was included in Case Number **14-CR-2576**.

H.    The Protective [O]rder dated May 21, 2014 expired on **May 21, 2016**.

I.    On **August 5, 2016**, Respondent, Gregorio Maldonado, pled Guilty in Case Number **14-CR-2576** to Attempted Violation Protective Order as Reduced from Violation of Protective Order 2+ Times within 12 months.

J.    Applicant, Angela Bearden, applied for a second Protective Order, which was granted by Associate Judge Stephen Baker on **November 22, 2016**.

K.    Respondent, Gregorio Maldonado, filed a Request for De Novo Hearing in front of the Presiding Judge.

8

L.   Respondent, Gregorio Maldonado's Request for Trial De Novo stated that the issues were: 1) a finding of family violence has occurred; 2) a finding that family violence is likely to occur in the future; and 3) a finding that protective orders are for the safety and welfare and in the best interest of the Applicant.

II.
Conclusions of Law

A.   Texas Family Code Section 85.002 provides an exception to the required "Family Violence Finding" in instances where the Court finds that: 1) a respondent violated a protective order by committing an act prohibited by the order; 2) that the order was in effect at the time of the violation; and 3) that the order has expired after the date that the violation occurred.

B.   Applicant provided sufficient evidence to show the Court that Respondent violated Applicant's previous Protective Order while it was in effect and before it expired, therefore issuance of a new Protective Order was legal and correct.

Arguing that "the evidence is legally and factually insufficient to support . . . [the] judgment," Maldonado filed a motion for new trial, which was overruled by operation of law.

**Standard of Review**

We review the trial court's findings of fact for legal and factual sufficiency using the same standards we apply in reviewing the evidentiary sufficiency of the jury findings. *Gonyea v. Scott*, 541 S.W.3d 238, 244 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). When, as here, an appellant attacks the legal sufficiency of an adverse finding on an issue on which he did not have the burden of proof, he must demonstrate that no evidence supports the finding. *See Exxon Corp. v.*

*Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011). We will sustain a legal-sufficiency or "no-evidence" challenge if the record shows one of the following: (1) a complete absence of evidence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

### Finding of a Violation

In his first issue, Maldonado argues that the evidence is legally insufficient to support the trial court's issuance of the new protective order because none of its findings of fact support its legal conclusion that Maldonado actually violated the prior protective order while it was in effect.

Typically, to enter a protective order, a trial court must find that "family violence has occurred" and is "likely to occur in the future." TEX. FAM. CODE ANN. § 85.001(a) (Vernon 2014). However, there is an exception to the requirement of this finding when, among other things, "the court finds that a respondent violated a protective order by committing an act prohibited by the order . . . , that the order was in effect at the time of the violation, and that the order has expired after the date that the violation occurred." *Id.* § 85.002 (Vernon 2014).

In this case, the trial court entered the new protective order without a finding that "family violence has occurred" and is "likely to occur in the future." Instead, in entering the new protective order, it relied on the legal conclusion that Bearden "provided sufficient evidence to show the Court that [Maldonado] violated [her] previous Protective Order while it was in effect and before it expired . . . ." However, despite the evidence in the record, there are no findings of fact that support the necessary conclusion that Maldonado actually committed an act prohibited in the prior protective order. Rather, the findings of fact merely reiterate facts that are undisputed and matters of public record such as Maldonado's history of arrests, his indictment for violation of the prior protective order, his guilty plea for *attempted* violation of the prior protective order, and the order deferring adjudication of his guilt—none of which establish an actual violation.

Texas Rule of Civil Procedure 299 governs whether we may presume omitted findings of fact to support a judgment. Specifically, rule 299 provides:

> When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.

11

TEX. R. CIV. P. 299. Thus, we may only presume findings of fact in favor of the judgment when "one or more elements" of a ground of recovery "has been found by the trial court." *Id.*; *see also Nguyen v. Nguyen*, 355 S.W.3d 82, 92–93 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) ("Because the trial court's express findings state only that Lan and Dinh never informally married because of the impediment [to their marriage], and do not state that Lan failed to establish any of the statutory elements of an informal marriage, the trial court's express findings regarding the impediment cannot be extended by implication to cover these independent issuable facts.").

Although there is evidence in the record that could support the trial court's conclusion of law that Maldonado violated the prior protective order, it issued no finding of fact to support that conclusion. The facts of Maldonado's arrests, criminal charges, and indictment for violation of the prior protective order do not, in and of themselves, constitute proof that he actually violated the order. And Maldonado's guilty plea to the offense of *attempted* violation of the prior protective order similarly does not constitute proof of any violation. A guilty plea does serve as a full and fair litigation of the facts necessary to establish the elements of a crime. *Johnston v. Am. Med. Int'l*, 36 S.W.3d 572, 576 (Tex. App.—Tyler 2000, pet. denied) (quoting *State Farm Fire & Cas. Co. v. Fullerton*, 118 F.3d 374, 378 (5th Cir. 1997)). However, criminal attempt, by its own definition,

would only establish that Maldonado attempted, but "*fail[ed] to effect the commission of the offense*" of violation of a protective order. *See* TEX. PENAL CODE ANN. § 15.01(a) (Vernon 2011) (emphasis added) ("A person commits an offense [of criminal attempt] if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."). In other words, Maldonado's guilty plea only establishes that he tried to, but did not actually, violate the prior protective order.[2] Thus, no element of the recovery sought by Bearden (i.e., a violation of the prior protective order) was included in the trial court's findings of fact, and we may not presume any such findings in support of issuance of the protective order. *See* TEX. R. CIV. P. 299.

Because our review is limited to the confines of the findings of fact issued by the trial court in this case, we hold that the evidence is legally insufficient to sustain the trial court's issuance of the new protective order.

We sustain Maldonado's first issue. Having sustained Maldonado's first issue, we do not need to reach his second issue in which he contends that the trial

---

[2] Having held that Maldonado's guilty plea to the offense of attempted violation of the prior protective order is insufficient to support the conclusion that he actually violated the prior protective order, we do not reach the other portion of his first issue in which he argues that his guilty plea has no preclusive effect because he received an order for deferred adjudication of his guilt and the matter was not actually litigated. *See* TEX. R. APP. P. 47.1.

13

court erred in admitting "several police reports" made by Bearden to FPD over his hearsay objections. *See* TEX. R. CIV. P. 47.1.

**Conclusion**

Although there is evidence in the record to support the trial court's conclusion of law that Maldonado violated the prior protective order, our review of the evidence in this case is limited, pursuant to Texas Rule of Civil Procedure 299, to the findings of fact issued by the trial court. And the trial court issued no finding of fact regarding Bearden's claim that Maldonado actually committed a violation of the prior protective order. We vacate the trial court's protective order dated April 21, 2017[3] and dismiss the case.

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

---

[3]    We note that nothing in this opinion prevents Bearden from seeking further relief in the form of a new protective order in the trial court.